Per Curiam.

By stipulation, the decisions herein will dispose of nearly four hundred other cases in which separate dispossess proceedings have been brought by the landlords, and which are-pending awaiting final adjudication of these four test cases.
The questions relate to retroactive rent increases in accordance with orders of the Federal office of rent control.
We agree wi th the statements in the opinions of the Municipal Court to the effect that the so-called “ escalator ” clause in fhese leases would preclude the imposition of retroactive rental increases reaching back prior to the expiration dates of the various leases. The leases have now expired in the case of all of the tenants in the proceedings before the court. They are now statutory tenants, and since the escalator clause is so closely allied to the amount of the rent, it is doubtful that it carries over beyond the termination of a lease so as to become part of the-statutory tenancy relationship. What must, therefore, principally be considered is the power of the Federal Expediter to authorize the imposition of rent increases retroactive to the times when they became statutory tenants upon the expiration of their leases.
On January 30,1948, the Expediter issued a regulation authorizing retroactive rent adjustment (Controlled Housing Bent Begulation for the New York City Defense-Bental Area [825.2], § 13; 13 Federal Begister 1866) which contains the statement: “ In all cases under paragraph (a) of this section the adjustment in the maximum rent shall be effective as of the date of the landlords’ petition.” There was nothing in the statute or the regulations requiring notification to the tenants of the pendency of the landlords ’ applications for increases. We think that the retroactive allowance of these increases was beyond the power of the Expediter, even for the periods following the expiration of the terms of the various leases.
*389 Where the lease of a tenant has expired, and his tenure has become solely the creature of an emergency statute, we do not question the legislative power to provide for increasing retroactively the amount of the rent subject to certain limitations. To be valid, however, any law or regulation, under which a claim is made for a retroactive rent increase, must require that the tenant shall have had jiotice of the pendency of the landlord’s application for an increase. It would not be enough for the landlord to give such notice merely as an act of grace. A tenant has a right to know that the continuance of his occupancy may result in his having to pay more for the use of the premises. Not only may no increases be allowed which date back prior to the making of an application for an increase, but neither could they date back prior to the time when the tenant is required to be notified thereof. That is especially necessary where, as here, no hearing is required, and the tenant is not given the right to participate in the proceedings before the Expediter, so that he would be unlikely to know that such a matter was afoot. It is not enough to say that the tenant is in possession subject to the emergency law, and that therefore he must pay whatever some board or officer subsequently decides for past use. Even under an emergency statute, ££ the past, at least, is secure ”, to the extent that the tenant has paid for his occupancy at the established rate, without any legally required notice that he does so at his peril due to the fact that an application has been filed by the landlord to raise the rent. The validity of this provision does not depend upon whether the landlord chooses to give notice to the tenant; it depends upon whether the tenant has a right to receive notice, and to elect to vacate the premises rather than to run the risk of the outcome of the proceeding.
The orders appealed from should be affirmed, with costs.